BRYAN, Judge.
The defendant Ramon Namphy appeals a judgment insofar as it found him in contempt for failing to pay the plaintiff Mike Sheffield $17,900 by August 7, 2006. We reverse and remand.
On April 26, 2004, Sheffield leased a commercial building to Namphy, and Nam-phy agreed to pay Sheffield, among other things, rent and the cost of insurance. On March 27, 2006, Sheffield sued Namphy, seeking damages for Namphy’s alleged *497 breach of the lease. Sheffield alleged that Namphy had failed to timely pay rent and the cost of insurance he owed Sheffield under the lease. Sheffield later added claims of unlawful detainer and ejectment, seeking to recover possession of the building.
Namphy and Sheffield entered into a settlement agreement (“the first agreement”). In the first agreement, Sheffield promised to “release” his claims against Namphy if Namphy would purchase the building from Sheffield for a total purchase price of $640,000 and, in addition, pay Sheffield a nonrefundable attorney’s fee in the amount of $5,000. Namphy, in turn, agreed to purchase the building from Sheffield in accordance with the terms of the first agreement if Sheffield would “release” his claims against Namphy. The first agreement provided that $20,000 of the $640,000 purchase price would be nonrefundable earnest money and that that $20,000 and the $5,000 nonrefundable attorney’s fee would be paid as follows: $5,000 on April 28, 2006; $5,000 on May 5, 2006; and $15,000 on May 12, 2006. The first agreement also provided that the $620,000 balance of the purchase price would be paid at closing; that the deadline for closing was July 12, 2006; and that, during the period from May until the date of the closing, Namphy would pay Sheffield rent in the amount of $5,500 per month. Finally, the first agreement provided that, if Namphy violated any of the terms of the first agreement, Namphy would immediately vacate the building and Sheffield would be entitled to pursue both his claim for damages for breach of the lease and a claim for damages for breach of the first agreement.
Namphy apparently made some of the payments due before closing under the first agreement; however, he was unable to close by July 12, 2006. As a result, the parties entered into a second settlement agreement (“the second agreement”) on July 27, 2006. The second agreement contained a provision in which Sheffield agreed to extend the deadline for closing to August 12, 2006, if Namphy, on July 27, 2006, paid Sheffield (1) a fee of $9,000 and (2) $928.75 for insurance; otherwise, the terms of the second agreement were essentially the same as the terms of the first agreement.
However, Namphy failed to pay the $9,928.75 on July 27. As a result, the parties entered into a third settlement agreement (“the third agreement”) on July 28, 2007. The third agreement increased the purchase price for the building from $640,000 to $645,000 and extended to July 81, 2006, the deadline for Namphy to pay the $9,928.75; otherwise, the terms of the third agreement were essentially the same as the terms of the second agreement.
Namphy failed to pay the $9,928.75 by July 31. Accordingly, on August 4, 2006, Sheffield moved the trial court to order Namphy to vacate the building and to remove all tires and debris from the building immediately. That same day, the parties reached another agreement that was incorporated into an agreed order (“the agreed order”) entered by the trial court. In pertinent part, the agreed order stated:
“1. [Namphy] shall pay with certified funds $17,900.00 to [Sheffield’s attorney] by ... August 7, 2006. Provided [Nam-phy] does so, the option to purchase the building, which is the underlying basis of [Sheffield’s] complaint, shall be extended to 8/20/2006....
“2. If [Namphy] fails to pay the funds as set forth above in paragraph (1) of this order, on 8/8/2006 an order of eviction shall issue against [Namphy,] giving him (14) days to vacate the premises. Moreover, [Namphy’s] option to purchase the property will immediately *498 terminate and- [Sheffield] may list the property for sale.
“3. -If [Namphy] pays the funds set out above in paragraph (1), he shall have until ... August 20, 2006[,] to close on the purchase of the building in question at the previously agreed upon price of $625,000.00.[1]
“4. If [Namphy] fails to close by 8/20/2006, on 8/21/2006 an order for eviction will issue giving [Namphy] 14 days to vacate and the option to purchase will immediately terminate and [Sheffield] may list the property for sale.
“5. If [Namphy] is forced to vacate by order of court, the court orders [Namphy] to remove all debris, tires[,] and materials from the building and pr[e]mises during said 14 days within [which Namphy] has to vacate.”
When Namphy failed to pay Sheffield $17,900 by August 7, 2006, the trial court entered, on August 15, an order (“the August 15 order”) ordering Namphy to vacate the building and to remove all debris and tires by 5:00 p.m. on August 22, 2006. On September 8, 2006, Sheffield moved the trial court to find Namphy in contempt on the grounds that Namphy had violated the agreed order by failing to pay Sheffield $17,900 by August 7, 2006, and had violated the August 15 order by failing to vacate the building and to remove all tires and debris from the building by 5:00 p.m. on August 22, 2006.
On October 5, 2006, the trial court heard argument regarding whether it should find Namphy in contempt. With respect to his failure to pay the $17,900, Namphy argued that he should not be found in contempt because, he said, the agreed order made payment of the $17,900 optional rather than mandatory. That is, he argued that the agreed order gave him the option of (1) paying the $17,900 by August 7, 2006, in which case he would preserve his option to purchase the building and preserve his right to possession, or (2) refraining from paying the $17,900, in which case he would forfeit his option to purchase the building and an order evicting him from the building would issue on August 8, 2006. With respect to his failure to remove all of the tires and debris from the building by August 22, 2006, Namphy argued that the appropriate remedy for a violation of an order requiring a party in possession of property to vacate the property is an award of compensatory damages for any loss suffered by the party entitled to possession rather than a finding of contempt against the party who failed to vacate.
Sheffield, on the other hand, argued that the agreed order stated that Namphy “shall” pay the $17,900 on August 7, which, according to Sheffield, made Namphy’s payment of the $17,900 on August 7 mandatory rather than optional and that contempt is a proper remedy for violation of a court order making the payment of a sum of money mandatory and for violation of an order ordering a party to vacate property. At the conclusion of the hearing, the trial judge orally ruled that he found Namphy to be in contempt (1) for failing to pay Sheffield the $17,900, as required by the agreed order, and (2) for failing to remove all tires and debris from the building by August 22, 2006, as required by the August 15 order. He further ruled that Namphy would be incarcerated for contempt unless Namphy paid Sheffield $17,900 by 5:00 p.m. that day. Later that same day, the trial judge entered a written order confirming his oral ruling.
Namphy did not file a postjudgment motion challenging the trial court’s judgment. Instead, Namphy, on October 5, petitioned *499 this court for a writ of mandamus ordering the trial court to set aside the judgment insofar as it ordered Namphy to pay the $17,900 by 5:00 p.m. on October 5 or suffer incarceration. This court ordered that Namphy’s petition for a writ of mandamus would be treated as an appeal.
On appeal, Namphy first argues that the trial court erred in finding him in contempt for his failure to pay the $17,900 because, he says, the agreed order made his payment of the $17,900 optional rather than mandatory. We find the agreed order to be ambiguous regarding whether the payment of the $17,900 by Namphy was optional or mandatory. On the one hand, the first sentence of the agreed order states that Namphy “shall” pay the $17,900 by August 7, 2006, which suggests that payment of the $17,900 was mandatory. On the other hand, the second sentence of the agreed order states that, provided Namphy pays the $17,900 by August 7, 2006, his option to purchase the building will be extended until August 20, 2006, which suggests that he had the option of (1) paying the $17,900 to extend his option to purchase the building until August 20, 2006, or (2) refraining from paying the $17,900, in which case his option to purchase the building would terminate on August 7, 2006. Given this ambiguity regarding whether the agreed order made payment of the $17,900 mandatory or optional, it was error for the trial court to find Namphy in contempt for his failure to pay the $17,900. Accordingly, we reverse the trial court’s judgment insofar as it found Namphy in contempt for his failure to pay the $17,900 and ordered him to pay it or suffer incarceration, and we remand the case to the trial court for further proceedings consistent with this opinion. Because we reverse that aspect of the trial court’s judgment on the basis of Namphy’s first argument, we pretermit discussion of Namphy’s second argument, which challenges that same aspect of the trial court’s judgment. Namphy has not challenged the trial court’s judgment insofar as it found him in contempt for his failure to remove all the tires and debris by August 22, 2006. Consequently, we express no opinion regarding that aspect of the trial court’s judgment.
REVERSED AND REMANDED.
PITTMAN, J., concurs.
THOMPSON, P.J., and MOORE, J., concur in the result, without writings.
THOMAS, J., concurs in the result, with writing.

. As noted above, the parties had actually agreed to a purchase price of $645,000.